# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISCOVER GROWTH FUND, LLC,<br><br>                  Plaintiff,<br><br>vs.<br><br>ANTHONY FIORINO, M.D.; DANIEL KAZADO; DANIEL TEPER, M.D.; JEFFREY PALEY, M.D.; JOHN NECZESNY; THE ESTATE OF GARY H. RABIN; and JOHN DOE 1-10 and JANE DOE 1-10,<br><br>                  Defendants. | Civil Action No. 20-00351 (CCC) (AME)<br><br>**JOINT DISCOVERY PLAN**<br><br>**Initial Scheduling Conference**<br>**May 11, 2021 at 11:00 a.m.** |

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and Local Civil Rule 26.1(b), Plaintiff Discover Growth Fund, LLC ("**Discover**" or "**Plaintiff**") and Defendants Anthony Fiorino, M.D. ("**Fiorino**"); Daniel Kazado ("**Kazado**"); Daniel Teper, M.D. ("**Teper**"); Jeffrey Paley, M.D. ("**Paley**"); John Neczesny ("**Neczesny**"), and the Estate of Gary H. Rabin ("**Rabin**") (collectively, "**Defendants**"), (Plaintiff and Defendants together, "**Parties**") have conferred and submit the following Joint Discovery Plan.
Counsel:

Counsel for Plaintiff:
Dale E. Barney
Gibbons P.C.
One Gateway Center
Newark NJ 07192-5310
973.596.4500
dbarney@gibbonslaw.com

Counsel for Defendants Fiorino, Kazado, Teper, Neczesny and Rabin:
John E. Jureller
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036
212.972.3000
jjureller@klestadt.com

Counsel for Defendant Paley:
Michael Rato
Eliott Berman
McElroy, Deutsch, Mulvaney & Carpenter, LLP

1300 Mount Kemble Avenue
Morristown, NJ 07962-2075
973-993-8100
mrato@mdmc-law.com
eberman@mdmc-law.com

1. **Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.**

This is an action for fraud, negligent misrepresentation, and tortious interference as alleged in Plaintiff's Corrected Amended Complaint for Fraud, Misrepresentation, Tortious Interference and Related Claims and Jury Demand ("**Complaint**").  Plaintiff's causes of action arise out of a financing transaction in 2018 between Plaintiff and Immune Pharmaceuticals, Inc. ("**Immune**"), of which Defendants served as officers and/or directors.  Plaintiff alleges that Defendants engaged in intentional and negligent misrepresentations regarding the collateral pledged to Plaintiff to secure Immune's obligations to Plaintiff in connection with the 2018 financing transaction.

Defendants deny any and all liability and have filed answers admitting, denying or lacking knowledge of the allegations in the Complaint.  Defendants have asserted various affirmative defenses, including but not limited to  (i) failure to state a cognizable claim; (ii) breach of contract; (iii) Plaintiff's sophistication and lack of diligence; (iv) Plaintiff caused its own damages; (v) frustration of purpose; (vi) failure to mitigate; (vii) waiver; (vii) estoppel; (ix) laches; (x) unclean hands; (xi) third parties caused Plaintiff's damages; (xii) Defendants owed no fiduciary duty to Plaintiff; (xiii) Defendants are exculpated by provisions of Immune's Certificate of Incorporation; (xiv) *res judicata* and collateral estoppel; and (xv) lack of standing.

Defendants (except for the Estate of Gary H. Rabin) filed a motion to dismiss the Complaint.  By Order dated January 25, 2021, the Court granted the motion as to Count VI (Securities Fraud), without prejudice but denied the motion to the remaining counts in the complaint.

2. **Have settlement discussions taken place?  Yes_____ No___X____**

    (a) **If so, when?_____**

To date, the Parties have  briefly discussed commencing settlement discussions, but no substantive discussions have begun.

    (b) **What was Plaintiff's last demand?**

Monetary Demand: $_____N/A_____

Non-Monetary Demand: $__N/A_____

    **(c)**    **What was Defendants' last offer?**

Monetary Demand: $_____N/A_____

Non-Monetary Demand: $__N/A_____

**3.**    **The Parties have X__ have not __exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.**

The Parties exchanged these disclosures on April 13, 2021. Plaintiff notes that Defendants did not include a Contested Facts section required by the Court's Letter Order dated March 19, 2021 [Doc 39] in their initial disclosures.  Defendants note that on April 13, 2021 they supplied Plaintiff with all the information required by Fed. R. Civ. P. 26(a)(A)(1)(i)-(iv) and that the facts contested by Defendants are evident from their answers previously served on Plaintiff by Defendants.

**4.**    **Describe any discovery conducted other than the above disclosures.**

In connection with a contested matter in Immune's bankruptcy case captioned Immune Pharmaceuticals, Inc., et al., Case No. 19-13273 (VFP) ("**Bankruptcy Case**"), Plaintiff conducted Fed. R. Bankr. P. 2004 examinations of Fiorino, Rabin, Neczesny and Paley regarding, inter alia, certain facts that are the subject of the Complaint.  Current defense counsel were not involved in those examinations.  The subject Defendants were represented in those examinations by Norris McLaughlin P.A., then-bankruptcy counsel to Immune in chapter 11.  The Bankruptcy Case was converted to chapter 7 in April 2020.

**5.**    **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional Motions and Motions to Amend.**

One or more parties may seek to file discovery motions prior to the completion of discovery, to the extent the parties are unable to resolve any discovery issues without the Court's assistance. Otherwise, the parties do not anticipate seeking any motions prior to the completion of discovery.

**6.**    **Discovery is needed on the following subjects:**

Discovery relating to the claims and defenses in the Parties' pleadings, including the allegations in the Complaint as well as various related issues, claims, and affirmative defenses asserted in the Defendants' answers.

**7.**    **Production of Computer-Based and Other Digital Information.**

The Parties anticipate that discovery will include the request for production of computer-based or other digital information.

**8.     Should discovery be conducted in phases?  If so, explain.**

Discovery should not be conducted in phases, except that expert discovery should commence only after fact discovery has been completed, as set forth in **Exhibit A**.

**9.     Number of Interrogatories:**

Plaintiff may serve a maximum of twenty-five (25) interrogatories on each Defendant, and each Defendant may serve a maximum of twenty-five (25) interrogatories on Plaintiff. If multiple Defendants are represented by the same counsel then all such Defendants may collectively serve a maximum of twenty-five (25) interrogatories on Plaintiff.   The maximum number of interrogatories may be revised by agreement of the Parties or by order of the Court upon a showing of good cause.

**10.    Number of Requests for Admission:**

Except for evidentiary purposes, such as Requests for Admissions for authentication purposes only, Plaintiff may serve no more than fifty (50) Requests for Admission on each Defendant, and each Defendant may serve no more than fifty (50) Requests for Admission on Plaintiff.  If multiple Defendants are represented by the same counsel then all such Defendants may collectively serve a maximum of fifty (50) Requests for Admission on Plaintiff.    The maximum number of Requests for Admission may be revised by agreement of the Parties or by order of the Court upon a showing of good cause.

**11.    Number of Depositions:**

   **(i)**  Plaintiff may take a maximum of ten (10)  depositions, and Defendants may collectively take a maximum of  ten (10) depositions.  The maximum number of depositions may be revised by agreement of the Parties or by Order of the Court upon a showing of good cause.

   **(ii)**  Absent agreement of the Parties or by Order of the Court upon a showing of good cause, the Parties agree that each fact witness will be deposed only once.  The Parties will coordinate scheduling of fact witness depositions, including Fed. R. Civ. P. 30(b)(6) deponents, and jointly conduct the single deposition of each fact witness.

   **(iii)** All depositions of the Parties will occur in the U.S. absent visa or public health travel restrictions and will proceed according to the Federal Rules of Civil Procedure and applicable Local Civil Rules and practices.  In the event that any Party resides outside of

the U.S. and visa or public health travel restrictions prevent travel to the U.S., the parties will confer in good faith regarding a mutually agreeable deposition location outside the U.S.  Given the current COVID-19 pandemic, the Parties agree to confer in good faith whether each deposition will be conducted live or remotely by videoconference via Zoom, Microsoft Teams, LiveNote or an equivalent platform.

**12.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes__X____ No_____. If so, explain.**

The COVID-19 pandemic may impact the procedures the Parties employ in order to comply with the discovery schedule ordered by the Court, for example through the use of videoconference depositions due to travel restrictions and stay-at-home orders and/or precautions.  The Parties will evaluate any need for such special procedures in good faith and on an ongoing basis, including as may be warranted in the context of conducting document collection and witness depositions.

**13.    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

Discovery Confidentiality and Data Preservation Orders may be required in this action.  The Parties agree to confer in good faith to submit any such orders on a consensual basis.

**14.    The Parties propose the schedule attached as Exhibit A.  The Parties' respective positions regarding certain discovery end dates are set forth therein.**

**15.    State whether this case is appropriate for voluntary arbitration (pursuant to <u>L. Civ. R.</u> 201.1 or otherwise), mediation (pursuant to <u>L. Civ. R.</u> 301 or otherwise), appointment of a special master or other special procedure.  If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

The Parties are open to discussion regarding possible mediation.   The Parties do not believe that either voluntary arbitration or the appointment of a special master would be appropriate in this case.

**16.    Is this case appropriate for bifurcation? Yes_____ No__X___.**

**17.    We do_____ do not___X___ consent to the trial being conducted by a Magistrate Judge.**

GIBBONS P.C.
Counsel to Plaintiff

By: s/ *Dale E. Barney*               Dated:  May 4, 2021

Klestadt Winters Jureller Southard & Stevens, LLP
Counsel for Defendants Fiorino, Kazado, Teper, Neczesny and Rabin

By: s/ *John E. Jureller*             Dated:  May 4, 2021

McElroy, Deutsch, Mulvaney & Carpenter, LLP
Counsel for Defendant Paley

By: s/ *Michael Rato*                 Dated:  May 4, 2021

**EXHIBIT A**

| Event | Proposed Date |
|---|---|
| Exchange Rule 26(a)(1) Initial Disclosures | 4/13/21 |
| Parties Submit Proposed Discovery Confidentiality Order | 5/14/21 |
| Parties Submit Proposed Data Protection Order | 5/14/21 |
| Last Day to Seek to Add New Parties or Amend Pleadings | 7/30/21 |
| Close of Fact Discovery | Plaintiff's position: 10/29/21<br><br>Defendants' position: 12/31/21 |
| Exchange of Opening Expert Reports (on issues for which a party bears the burden of proof) | Plaintiff's position: 11/29/21<br><br>Defendants' position: 1/31/22 |
| Exchange of Responsive Expert Reports | Plaintiff's position: 12/29/21<br><br>Defendants' position: 3/3/22 |
| Exchange of Reply Expert Reports | Plaintiff's position: 1/13/22<br><br>Defendants' position: 3/18/22 |

| Event | Proposed Date |
|---|---|
| Close of Expert Discovery | Plaintiff's position: 2/13/22<br><br>Defendants' position: 4/18/22 |
| Deadline for Filing Dispositive motions | TBD |
| Deadline for Submission of Proposed Joint Final Pretrial Order | TBD |
| Final Pretrial Conference | TBD |
| Jury Trial | TBD |